IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JUSTIN C.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-312** (Fam. Ct. Kanawha Cnty. Case No. FC-20-2022-D-312)

**ASHLEY C.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Justin C.[1] appeals the Family Court of Kanawha County's July 9, 2024, final order denying his petition to modify equitable distribution/spousal support. Respondent Ashley C. responded in favor of the family court's decision.[2] Justin C. did not file a reply. The subject of this appeal is whether the parties' oral property settlement agreement ("Agreement") was modifiable.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Justin C. ("Husband") and Ashley C. ("Wife") were married on January 22, 2013, and divorced by order entered on May 17, 2022. They share one child. The final order approved and incorporated the parties' oral Agreement and also ordered Husband to pay Wife $500.02 in monthly child support.

The parties' Agreement, as confirmed and incorporated by the family court's order, stated, in part, as follows:

a. Wife shall receive exclusive possession of the former marital domicile, together with all furnishings, furniture, and appliances therein contained, and the host acreage or lot upon which the same is situated, located at [. .

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Justin C. is represented by Alan L. Pritt, Esq. Ashley C. is self-represented.

.], ***but*** Husband shall be solely responsible for any and all vendor's lien/RTO lease payments, taxes, utilities currently subscribed thereto, maintenance, or renters'/homeowners' insurance associated therewith; and he shall save the Wife harmless therefrom;

b. Wife shall exclusively occupy said marital domicile until she desires to vacate the same, and sub-Paragraph a., above, shall apply at all times while she is in possession thereof[.]

On April 1, 2024, Husband filed a petition to modify the family court's prior order of equitable distribution/spousal support, alleging a substantial change of circumstances.[3] In support of Husband's argument that a change in circumstances had occurred, Husband asserted that his income had decreased, and he was unable to afford payments on the marital home in addition to his child support obligation.

On June 6, 2024, the parties appeared for a hearing on Husband's petition for modification. At that hearing, the family court asked Husband's counsel whether the final divorce order had been appealed or whether Rule 60 of the West Virginia Rules of Civil Procedure had been raised.[4] Husband's counsel proffered that the divorce order had not been appealed or otherwise been the subject of any Rule 60 concerns. Husband instead argued that the parties' Agreement was, in practice, a permanent alimony award subject to modification. The family court denied Husband's petition for modification because the Agreement had been entered into voluntarily and the final order was not appealed. The final order was entered on July 9, 2024, and is the order that Husband now appeals.

For these matters we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review

---

[3] Husband also petitioned for a parenting plan modification and Wife filed a petition for contempt, but those issues are not on appeal and will not be addressed.

[4] Rule 60 of the West Virginia Rules of Civil Procedure provides avenues of relief from judgments and orders due to clerical mistakes, inadvertence, surprise, excusable neglect, unavoidable cause, newly discovered evidence, etc. The Supreme Court of Appeals of West Virginia has found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court. *See Mengel v. Mengel*, No. 23-ICA-415, 2024 WL 3581330, at *2 (W. Va. Ct. App. July 30, 2024) (memorandum decision) (citing Ray *v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004) (*overruled on other grounds*).

the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Husband raises one assignment of error on appeal. He asserts that the family court erred in denying his petition for the modification of equitable distribution/spousal support. In support of his argument, Husband states that the Agreement is similar to a spousal support award because it fails to disentangle the parties. We disagree for the reasons set forth below.

First, Husband had the opportunity to either request relief under West Virginia Code § 51-2A-10 or through an appeal, but he did not exercise either option. Second, a court cannot modify equitable distribution because of the changed conditions of the parties or the subsequent misconduct of the parties. *See generally Martin v. Martin*, 187 W. Va. 372, 419 S.E.2d 440 (1991); *see also Seletyn v. Rutherford-Bonifacio*, No. 17-0319, 2018 WL 1719528 (W. Va. Apr. 9, 2018) (memorandum decision) (holding that wife may reside in marital home until she decides otherwise per the parties' settlement agreement even after her remarriage because husband failed to appeal divorce order that, on appeal, he argued was deficient). Additionally, "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). Lastly, the record reflects that the parties waived spousal support, further supporting the parties' intention for Husband's payments toward the mortgage, insurance, taxes, and utilities to be categorized as equitable distribution and not spousal support. Therefore, we cannot conclude that the family court's factual findings are clearly erroneous or that its ultimate disposition is an abuse of discretion.

Accordingly, we affirm the family court's July 9, 2024, final order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear